| | | |
|---|---|---|
| Rupert Ray Dixon, | ) | |
| | ) | |
| Petitioner, | ) | CV-09-00162-TUC-JMR (JCG) |
| | ) | |
| vs. | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Charles L. Ryan, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Petitioner, Rupert Ray Dixon, who is presently confined in the East Unit of the Arizona State Prison Complex in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 12) and Petitioner's Reply. (Doc. No. 13.) The Magistrate Judge recommends that the District Court deny the Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the Arizona Court of Appeals, the facts of Petitioner's case are as follows:[1]

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."

> Following a jury trial held in his absence, petitioner Rupert Ray Dixon was convicted of offering to sell a narcotic drug. Dixon admitted he had two prior felony convictions, and the trial court sentenced him to a partially mitigated, twelve-year prison term. . . . The underlying conviction arose from an incident involving Dixon's agreement to sell crack cocaine to an undercover police officer in exchange for $40 plus a $5 fee for procuring the drug. The evidence at trial . . . [established that the undercover officer] paid Dixon the full amount after telling Dixon he did not want Dixon to "rip him off" by failing to return with the drugs. Dixon took the money and never returned; another officer located Dixon eight days later in the same area, and the undercover officer then identified him. Dixon was a "trapper," an addict who acts as the "middleman" in a narcotics sale. Typically, a trapper will go to the drug source with the purchaser's money in hand, obtain the drugs, and return to the buyer's vehicle having already "chipped off" a portion of the drugs for his or her personal use.

(Answer, Ex. A, pgs. 1-2.)

Petitioner appealed his conviction, arguing that there was insufficient evidence to support the conviction because the evidence did not establish that Petitioner intended to sell narcotics to the undercover officer. (Answer, Ex. B.) On November 30, 2005, the Arizona Court of Appeals affirmed Petitioner's conviction. (Answer, Ex. B.) Petitioner petitioned for review of the Arizona Court of Appeals' decision; the Arizona Supreme Court denied review on September 26, 2006. (Answer, Ex. C.)

On January 10, 2007, Petitioner filed a Petition for Post Conviction Relief pursuant to Rule 32, Ariz. R. Crim. P. ("Rule 32 Petition"). (Answer, Ex. D.) In his Rule 32 Petition, Petitioner presented the following claims: (1) Petitioner received ineffective assistance of counsel when trial counsel failed to present expert testimony that trappers commonly rip people off under the guise of scoring drugs; (2) Petitioner received ineffective assistance of counsel when trial counsel failed to request that the jury be correctly and adequately instructed on the specific intent necessary to prove an offer to sell narcotics; and (3) Petitioner received ineffective assistance of counsel when appellate counsel failed to argue that the jury was not properly instructed about the specific intent necessary to prove an offer to sell narcotics and did not receive an instruction on the lesser-included offense of theft. (*Id.*) The trial court denied Petitioner's Rule 32 Petition on April 4, 2007. Petitioner filed a petition for review in the Arizona Court of Appeals, raising the same claims that were presented in his Rule 32 Petition. (Answer, Ex. A.) The Arizona Court of Appeals denied

the petition for review on September 18, 2007. (*Id.*) Petitioner sought review by the Arizona Supreme Court; the Arizona Supreme Court denied review on May 12, 2008. (Answer, Ex. F.)

On March 20, 2009, Petitioner filed the pending Petition for Writ of Habeas Corpus. In his Petition, Petitioner presents three grounds for relief:

**Ground 1:** Petitioner's due process rights were violated because there was insufficient evidence to support the intent element of his conviction;

**Ground 2:** Petitioner received ineffective assistance of counsel when trial counsel: (a) failed to present expert testimony that trappers commonly rip people off under the guise of scoring drugs; and (b) failed to request a jury instruction on the specific intent required to prove an offer to sell narcotics; and

**Ground 3:** Petitioner received ineffective assistance of appellate counsel when appellate counsel failed to argue that the jury was not properly instructed about the specific intent necessary to prove an offer to sell narcotics and failed to argue that the jury should have received instruction on the lesser-included offense of theft. (Doc. No. 1.)

## **DISCUSSION**

The Magistrate Judge recommends that the Petition be denied. Although properly exhausted, the three grounds presented in the Petition are without merit.

**A.   Exhaustion**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989)

(citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Respondents concede that Petitioner has properly exhausted Ground 2 and 3 of his Petition. Respondents contend, however, that Petitioner has not properly exhausted Ground 1 of his Petition because Petitioner did not present Ground 1 as a federal claim in his petition for review by the Arizona Supreme Court. Petitioner, however, was not required to present Ground 1 to the Arizona Supreme Court in order to exhaust the claim. In cases not carrying a life sentence or the death penalty, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *See Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999). Respondents acknowledge that

Petitioner presented to the Arizona Court of Appeals a proper federal-law basis for Ground 1. (Doc. 12, p. 5.) Therefore, Petitioner also properly exhausted Ground 1 of the Petition.

**B.     Merits**

      **i.     Legal Standard**

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record. *Wainwright v. Witt*, 469 U.S. 412, 426 (1985). The presumption of correctness also applies to a state appellate court's findings of fact. *Sumner v. Mata*, 449 U.S. 539, 546 (1981). The question presented in a state prisoner's petition for a writ of habeas corpus is "whether the state proceedings satisfied due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

Federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *Reed v. Farley*, 512 U.S. 339 (1994). General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Bonin*, 77 F.3d at 1158. The Supreme Court has held in the habeas context that "this Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case and pose special burdens. *Chein v. Shumsky,* 373 F.3d 978, 983 (9th Cir. 2004) (en banc). Under AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle" from a Supreme Court decision "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In considering whether a state court has unreasonably applied Supreme Court precedent, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *Bell v. Cone,* 535 U.S. 685, 694 (2002). In conducting habeas review, we "presum[e] that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002).

When applying the AEDPA and reviewing whether a state court decision is contrary to federal law, this court must look to the state's last reasoned decision as the basis for its judgment. *See Avila v. Galaza*, 297 F.3d 911, 918 & n. 6 (9th Cir. 2002).

### ii. Petitioner's challenge to the sufficiency of evidence, Ground 1, is without merit.

In Ground 1, Petitioner contends that his due process rights were violated because there was insufficient evidence to support the intent element of his conviction. Specifically, Petitioner argues that he only intended to steal the undercover officer's money, not sell him any drugs.

Petitioner presented Ground 1 in his direct appeal and the Court of Appeals' decision is the last reasoned decision on the issue. The Court of Appeals' decision conformed with

the applicable federal law. The Court of Appeals stated that "we will not disturb a verdict unless rational jurors could not have found the defendant guilty of the charged offense beyond a reasonable doubt." (Answer, Ex. B, pg. 2.) Under federal law, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (emphasis in original); *see also United States v. King*, 552 F.2d 833, 852 (9th Cir. 1976) ("[t]he proper test [for sufficiency of the evidence] is whether the jurors could rationally conclude from the evidence presented that guilt was established beyond a reasonable doubt.").

The Court of Appeals reasonably applied the governing federal law and its decision was reasonable in light of the evidence presented. A.R.S. § 13-3408(A)(7), the statute under which Petitioner was convicted, provides: "A person shall not knowingly: . . . offer to sell or transfer a narcotic drug." For a person to be found guilty of offering to sell an illegal drug, the "person must be aware or believe that he has made an offer to sell ... not that he has told a lie or made a joke." *See State v. Alvarado*, 178 Ariz. 539, 542, 875 P.2d 198, 201 (App. 1984). A defendant could not be found guilty of offering to sell an illegal drug if his only intention was to take money from the potential purchaser and disappear. *Id.*

The Court of Appeals found that sufficient evidence was presented from which the jury could conclude that Petitioner intended to sell drugs to the undercover officer. The appellate court detailed the evidence it relied upon in reaching this conclusion. The evidence included the following. The undercover police officer testified about his extensive experience in conducting investigations of illegal drug sales and about behavior related to drug sales. (Answer, Ex. B.) He testified that Petitioner approached his car in an area known for drug sales and offered to take the officer to a drug house, where Petitioner would purchase drugs for the officer for a $5 fee. Petitioner rode with the officer to the purchase location, then instructed the officer to drive around the block while he went inside to purchase the drugs. Evidence established that Petitioner entered a known drug sale house while the officer was waiting. Although Petitioner never delivered the drugs to the officer,

evidence also established that on another occasion Petitioner had engaged in similar "trapper" behavior with a different undercover officer, at which time Petitioner had delivered drugs. (*Id.*) The Court of Appeals found that it was reasonable for the jury to conclude, based on the evidence presented, that at the time Petitioner offered to purchase drugs for the undercover officer he was aware that he had offered to sell a narcotic drug, and did not believe he was telling a lie. This conclusion was a reasonable application of federal law in light of the facts presented. Therefore, Ground 1 is without merit.

### iii. Grounds 2 and 3 - ineffective assistance of counsel.

In Grounds 2 and 3, Petitioner argues that his trial and/or appellate counsel were ineffective. The governing federal law standard for claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), which recognizes a right to "effective assistance of counsel" arising under the Sixth Amendment. The *Strickland* standard for ineffective assistance of counsel has two components. A defendant must first demonstrate that counsel's performance was deficient, *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. 466 U.S. at 687. It requires the defendant to show that counsel's conduct "fell below an objective standard of reasonableness." 466 U.S. at 687-688. Second, a defendant must show that the mistakes made were "prejudicial to the defense," that is, the mistakes created a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless Movant can show otherwise. *Id.* at 689-90.

In denying Petitioner's petition for review, the Court of Appeals reasonably applied the appropriate federal law. *See* Answer, Ex. A, pg. 3 (citing to *Strickland*). Thus, this Court's consideration of the merits of Grounds 2 and 3 is limited to whether the Court of Appeal's decision amounted to an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* § 2254(d)(1).

**iv. Ground 2 is without merit.**

In Ground 2, Petitioner argues that he received ineffective assistance of counsel when trial counsel: (a) failed to present expert testimony that trappers commonly rip people off under the guise of scoring drugs; and (b) failed to request a jury instruction on the specific intent required to prove an offer to sell narcotics.

  *a. Failure to present expert testimony.*

The Court of Appeals' decision with respect to Ground 2(a) was a reasonable determination of the facts in light of the evidence presented. Although Petitioner's counsel did not call an expert witness to testify that trappers often promise to deliver drugs when they actually intend to simply steal the purchase money from the buyer and never return, the jury heard other evidence to that effect. Three different police officers testified that they were experienced in working with narcotics cases and that a trapper's offer to sell is not always sincere. (Answer, Ex. A, pg. 5.) In addition, defense counsel argued in her closing argument that Petitioner had not made a valid offer to sell drugs to the officer but rather had lied about it as part of a theft. (*Id.*) Defense counsel's decision not to present duplicative testimony was a sound tactical decision; Petitioner has failed to demonstrate that but for defense counsel's failure to call an expert witness the outcome of his trial would have been different.

  *b. Failure to request a jury instruction on the specific intent required to prove an offer to sell narcotics.*

The Court of Appeals' decision with respect to Ground 2(b) was a reasonable determination of the facts in light of the evidence presented. The Court of Appeals held that the jury was properly instructed, concluding that a defendant violates A.R.S. § 13-3408(A)(7) if he *knowingly* offers to sell a narcotic drug. (Answer, Ex. A, pg. 3.) The jury received an instruction on the "knowing" *mens rea* of the offense. Relying on *State v. Strong*, 178 Ariz. 507, 508, 875 P.2d 166, 167 (App. 1993), the Court of Appeals held that because A.R.S. § 13-3408(A)(7) requires proof that a defendant knowingly offered to sell a drug, there is no reason to read into the statute the additional requirement of proof of intent to sell. (Answer,

- 9 -

Ex. A, p. 4.) This Court is bound by the state court's interpretation of the elements of an offense under state law. See *Solis v. Garcia*, 219 F.3d 922, 927 (9th Cir. 2000.)

Because, under state law, Petitioner was not entitled to a separate instruction regarding intent to sell, counsel's failure to take futile action - requesting such an instruction - can not be deficient performance. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996).

### v. Ground 3 is without merit.

In Ground 3, Petitioner contends that he received ineffective assistance of appellate counsel when appellate counsel (a) failed to argue that the jury was not properly instructed about the specific intent necessary to prove an offer to sell narcotics and (b) failed to argue that the jury should have received instruction on the lesser-included offense of theft.

> *a. Failure to argue that the jury was not properly instructed regarding specific intent.*

The Court of Appeals' decision with respect to Ground 3(a) was a reasonable determination of the facts in light of the evidence presented. For the reasons stated in Section B(vi)(b), Petitioner was not entitled to an instruction regarding his intent to sell for the charge of violating A.R.S. § 13-3408(A)(7). An appellate attorney is not ineffective for failing to raise a meritless argument. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).

> *b. Failure to argue that the jury should have received a lesser-included offense instruction.*

The Court of Appeals rejected Petitioner's claim that his appellate counsel should have challenged the trial court's failure to give a lesser-included offense instruction on theft. According to the Court of Appeals, theft is not a lesser-included offense of an offer to sell drugs, and therefore it would have been error to provide a jury instruction on that offense. The Court of Appeals' decision with respect to Ground 3(b) was a reasonable determination of the facts in light of the evidence presented.

As a threshold matter, this Court must accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus.

1  *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Thus, to the extent Petitioner asks this Court to review the legal sufficiency of the trial court's conclusion that theft was not a lesser-included offense of an offer to sell drugs, this claim is not cognizable.

Furthermore, the trial court's conclusion that Petitioner's counsel was effective with respect to Ground 3(b) was a reasonable determination of the facts in light of the evidence presented in the state court. Arizona Rule of Criminal Procedure 23.3 requires the trial judge to provide the jury with verdict forms "for all offenses necessarily included in the offense charged, an attempt to commit the offense charged or an offense necessarily included therein, if such attempt is an offense." If requested to do so and the evidence supports it, the trial judge must also instruct the jurors on all offenses "necessarily included" in the offense charged. *See State v. Wall*, 126 P.3d 148, 150 (Ariz. 2006). "To constitute a lesser-included offense, the offense must be composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Cheramie*, 189 P.3d 374, 375 (Ariz. 2008). As stated above, Petitioner was charged with violating A.R.S. § 13-3408(A)(7), which prohibits *knowingly* offering to sell a narcotic drug. A defendant is guilty of theft if, without lawful authority, the person knowingly controls property of another with the intent to deprive the other person of such property. *See* A.R.S. § 13-1802(A)(1). Theft is not a lesser-included offense of knowingly offering to sell a narcotic drug because it is possible to knowingly sell a narcotic drug without intending to unlawfully deprive another person of property. There was no legal basis for the lesser-included offense instruction in Petitioner's case.[2] Accordingly, appellate counsel was not deficient in failing to argue that this instruction should have been given. *See Jones*, 463 U.S. at 751.

---

[2] The Court of Appeals noted that Petitioner was originally also charged with fraudulent scheme and artifice, and that theft may have been a lesser-included offense of that charge. However, a judgment of acquittal was entered on the fraudulent scheme and artifice charge. (Answer, Ex. A, pg. 7.)

1   **C.      Petitioner is not entitled to an evidentiary hearing.**

2   Petitioner requested an evidentiary hearing in his Reply. (Doc. No. 13.) Petitioner is entitled to an evidentiary hearing on a claim only if he alleges "facts that, if proven, would entitle him to relief." *Turner v. Calderon*, 281 F.3d 851, 890 (9th Cir. 2002) (quoting *Tapia v. Roe*, 189 F.3d 1052, 1056 (9th Cir.1999)). In the present case, Petitioner challenges the legal conclusions of the state court without alleging any facts which, if proven, would entitle him to relief. Accordingly, Petitioner is not entitled to an evidentiary hearing.

## CONCLUSION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-09-162-TUC-JMR.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 23rd day of September, 2009.

_____
Jennifer C. Guerin
United States Magistrate Judge